**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00691-FDW-DCK**

| | |
|---|---|
| RICKY W. CAMPBELL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JEH CHARLES JOHNSON, )<br>SECRETARY, U.S. DEPARTMENT OF )<br>HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | **NOTICE and ORDER** |

**THIS MATTER** is before the Court *sua sponte* following the filing of Defendant Jeh C. Johnson's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 4), wherein Defendant moves the Court to dismiss the Complaint (Doc. No. 1), for failure to state a claim that entitles Plaintiff to relief.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that Plaintiff has a burden to respond to Defendant's Motion to show that the Complaint contained sufficient allegations to support a cause of action against Defendant.[1]  Plaintiff may file a brief in response to Defendant's Motion to Dismiss on or before January 17, 2017.

The Court further advises Plaintiff of the burdens he carries in his response to Defendant's Motion.  Defendant's Motion implicates Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In

---

[1] The specific language of Roseboro addressed the responsive burden for a pro se party in the context of a motion for summary judgment.  Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. At 1949 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

Plaintiff is advised that he has until January 17, 2017, to file his response to Defendant's Motion in light of the above standards. Plaintiff's response must be served on Defendant and must include a certificate of service indicating the manner in which Plaintiff served Defendant. **Plaintiff's failure to respond may result in Defendant being granted the relief he seeks.**

**IT IS THEREFORE ORDERED** that Plaintiff may respond to Defendant's Motion to Dismiss (Doc. No. 4) **on or before January 17, 2017.** Failure to timely file a persuasive response could lead to a dismissal of Plaintiff's claims. The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiff's address of record.

**IT IS SO ORDERED.**

Signed: December 27, 2016

Frank D. Whitney
Chief United States District Judge