UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00691-FDW-DCK

| | |
|---|---|
| RICKY W. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JEH CHARLES JOHNSON, ) | |
| SECRETARY, U.S. DEPARTMENT OF ) | |
| HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon Defendant Jeh C. Johnson's Motion to Dismiss (Doc. No. 4) Plaintiff's Complaint (Doc. No. 1) pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim. Because Plaintiff appears pro se, the Court issued a Roseboro[1] notice (Doc. No. 5) advising Plaintiff of his right to respond to Defendant's Motion. Plaintiff filed a timely response (Doc. No. 7), and Defendant replied (Doc. No. 8). The matter is now ripe for review. For the reasons stated below, the Court GRANTS Defendant's Motion.

To maintain a Title VII lawsuit, a plaintiff must file the suit within ninety (90) days of receiving the Equal Employment Opportunity Commission's ("EEOC's") Right to Sue letter. 42 U.S.C. 2000e-5(f)(1); see also Baldwin Cnty. Welcome Ctr v. Brown, 466 U.S. 147, 150-52 (1984). If a plaintiff fails to file within the requisite time period, the suit is time-barred. Baldwin, 466 U.S. at 150-52; Harvey v. City of New Bern Police Dep't., 813 F.2d 652 (4th Cir. 1987). Plaintiff failed to meet the ninety (90) day requisite, filing the instant case on September 27, 2016,

---

[1] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The specific language of Roseboro addressed the responsive burden for a pro se party in the context of a motion for summary judgment. Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court did so here.

ninety-one (91) days after he received his Right to Sue letter on June 28, 2016. (Doc. No. 1-1).

Plaintiff argues that "in [his] neighborhood the mail is not delivered until after 6 p.m. and Plaintiff did not actually see the mail until the morning of June 29, 2016." (Doc. No. 7, p. 2). Construing Plaintiff's response generously[2], Plaintiff argues that he is entitled to an equitable tolling of the statutory period. Equitable tolling applies when circumstances out of the [plaintiff's] control make it "unconscionable to enforce the limitation period against the party and gross injustice would result." Coleman v. Talbot Cnty. Det. Ctr., 242 Fed. App'x 72, 74 (4th Cir. 2007).

No unconscionable circumstance or gross injustice occurred here. This is not a case where plaintiff received inadequate notice, where a defendant's affirmative misconduct lulled the plaintiff into inaction, where the court led plaintiff to believe he had completed everything required of him, or where a motion for appointment of counsel was pending. Baldwin, 466 U.S. at 151. Plaintiff knew the mail was delivered after 6 p.m. and admits he received the letter on June 28, 2016. (Doc. No. 1). The Court interprets Plaintiff's claims liberally due to his pro se status, but it cannot disregard congressionally-established procedural requirements. Id. at 152 ("[S]trict adherence . . . is the best guarantee of evenhanded administration of the law."). Accordingly, Plaintiff's claim is time-barred.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 4) Plaintiff's Complaint is GRANTED and this action is DISMISSED *with prejudice*. The Clerk is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: January 30, 2017

Frank D. Whitney
Chief United States District Judge

---

[2] Erickson v. Pardus, 551 U.S. 89, 94 (2007) ('